Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Proposed Special Counsel for*
*JPK NewCo LLC and Counsel*
*for all Other Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) |
| | ) |
| JPK NewCo LLC, | ) Case No. 25-200-ELG |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| JPK NewCo LLC; WCP Fund I LLC; SF NU, LLC and Russell Drazin in his Official Capacity as Trustee Under Two Deeds of Trust, | ) |
| | ) |
| | ) Adv. Case No. |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Developer RE1 LLC and 423 Kennedy St Holdings LLC, | ) |
| | ) |
| Defendants. | ) |

**<u>COMPLAINT</u>**

Come now JPK NewCo LLC, debtor in possession ("JPK" or the "Debtor"),WCP Fund I LLC ("WCP"); SF NU, LLC ("SNL"); and Russell Drazin in his official capacity as trustee under two deeds of trust ("Mr. Drazin") (collectively, the "Plaintiffs" and each a "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal

1

Rule of Civil Procedure 3, and as and for their complaint against Developer RE1 LLC ("DRL") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, the "Defendants" and each a "Defendant") state as follows:

## Introduction

1. Yesterday afternoon, JPK filed a voluntary petition for bankruptcy relief, with the Debtor's two largest assets—promissory notes secured by correlative deeds of trust, on which the Defendants are respectively bound—being the subject of legally meritless allegations.

2. The Defendants are in manifest breach of the promissory notes held by JPK, having committed myriad payment defaults over time, having permitted senior liens to accrue upon the real estate serving as collateral, and having failed to pay both notes at maturity.

3. Yet the Defendants, through a series of scurrilous and legally infirm allegations, have prevented JPK from being able to collect upon these promissory notes, whether by foreclosure or otherwise.

4. These allegations include claims that JPK acquired the two promissory notes through a fraudulent conveyance that ought to be avoided, thereby casting aspersions upon the propriety of JPK's ownership of the notes and calling into question the asset composition of JPK's bankruptcy estate.

5. For JPK to effectively reorganize, the Debtor must (i) establish that it properly holds both promissory notes, with all attendant rights under the correlative deeds of trust; (ii) establish that neither promissory note is burdened by any claims for setoff; (iii) remove the cloud the Defendants have placed upon the quality and enforceability of these debt instruments.

6. Accordingly, JPK now brings this suit in an effort to (a) efficiently administer the Debtor's estate; (b) liquidate claims the Defendants purport to hold against the Debtor's estate; (c)

pursue counterclaims against those who have asserted claims that now pend against the Debtor's estate; (d) facilitate the payment of debts that are property of the Debtor's estate; (e) establish JPK's acquisition of the at-issue promissory notes did not constitute a fraudulent conveyance; (f) determine the validity and extent of liens held by JPK on assets of the Defendants; and (g) ensure the promissory notes are orderly liquidated as assets of the Debtor's estate.

7. The other Plaintiffs join in this suit, being persons (natural and legal) with a direct interest in the outcome of this litigation.

**Parties**

8. JPK is a District of Columbia limited liability company that is a debtor-in-possession in the above-captioned bankruptcy proceeding.

9. WCP is a Delaware limited liability company.

10. SNL is a New Mexico limited liability company.

11. Mr. Drazin is a natural person who is a citizen of the District of Columbia by virtue of his ongoing domicile therein; he brings suit solely in his official capacity as trustee under two deeds of trust identified *infra*.

12. DRL is a District of Columbia limited liability company.

13. 423 Kennedy is a District of Columbia limited liability company.

**Jurisdiction and Venue**

14. This Honorable Court enjoys jurisdiction over this suit, pursuant to the allowances of Section 1334 of Title 28 of the United States Code since (i) at least one cause of action set forth herein arises under Title 11 of the United States Code; (ii) at least one cause of action set forth herein arises in a case pending under Title 11 of the United States Code; and (iii) at least one cause of action set forth herein relates to a case pending under Title 11 of the United States Code.

15. Venue is properly laid in this Honorable Court pursuant to Section 1409 of Title 28 of the United States Code since this is a case under Title 11 of the United States Code, arising in a case under Title 11 of the United States Code, and related to a case under Title 11 of the United States Code, with the correlative case pending in this Honorable Court.

### General Allegations: Loans

16. On December 23, 2021, WCP loaned $4,103,000.00 to DRL, with the loan being evidenced by promissory notes for $3,579,000.00 (the "First DRL Note") and $524,000.00 (the "Second DRL Note"), respectively.

17. The DRL Promissory Notes are each secured by deeds of trust (collectively, the "DRL Deeds of Trust") on the real property commonly known as 5501 First Street, NW, Washington, DC 20011 (the "DRL Property").

18. Four months later, on March 31, 2022, WCP loaned $9,945,693.00 to 423 Kennedy, with the loan being evidenced by promissory notes for $8,689,693.00 (the "First 423 Kennedy Note") and $1,256,000.00 (the "Second 423 Kennedy Note").

19. The 423 Kennedy Notes are each secured by deeds of trust (collectively, the "423 Kennedy Deeds of Trust") on the real property commonly known as 419-423 Kennedy Street, NW, Washington, DC 20011 (the "423 Kennedy Property").

20. On April 15, 2024, the Second 423 Kennedy Note and the accompanying 423 Kennedy Deed of Trust were assigned by WCP to JPK.

21. Also on April 15, 2024, the Second DRL Note—which had previously been transferred from WCP to SNL—and the accompanying DRL Deed of trust were assigned by SNL to JPK.

**General Allegations: DRL Defaults**

22. Pursuant to the Second DRL Note, DRL was required to make monthly interest payments to the noteholder.

23. DRL failed to timely make the monthly interest payment due on July 1, 2022, with the payment coming some thirteen days late.

24. DRL failed to timely make the monthly interest payment due on October 1, 2022, with the payment coming some five days late.

25. DRL failed to timely make the monthly interest payment due on November 1, 2022, with the payment coming some eight days late.

26. Pursuant to the Second DRL Note, DRL was required to pay the Second DRL Note at maturity on December 24, 2022.

27. DRL failed to pay the Second DRL Note at maturity and has failed to pay the note at all times since.

28. The DRL Deeds of Trust require DRL to pay all taxes and obligations in a timely manner, so as to ensure there is no accrual of statutory liens senior to those of the lenders.

29. DRL failed to pay water and sewer bills, causing a $44,857.93 lien to be placed upon the DRL Property in August 2022.

30. DRL also failed to timely pay more than $16,700.00 in taxes on the DRL Property for the second half of 2022, causing another senior lien to accrue.

31. DRL defaulted under the terms of the Second DRL Note and the DRL Deeds of Trust at least six times, with three defaults coming in the form of late interest payments, one default coming in the form of a failure to pay the note at maturity, and two defaults coming in the form of permitting senior liens to accrue on the DRL Property.

**General Allegations: 423 Kennedy Defaults**

32. Pursuant to the Second 423 Kennedy Note, 423 Kennedy was required to make an interest payment of $12,560.00 on or before the first day of each month.

33. 423 Kennedy failed to timely make the monthly interest payment due on May 1, 2022, with the payment coming some 74 days late.

34. 423 Kennedy failed to timely make the monthly interest payment due on June 1, 2022, with the payment coming some 43 days late.

35. 423 Kennedy failed to timely make the monthly interest payment due on July 1, 2022, with the payment coming some 13 days late.

36. 423 Kennedy failed to timely make the monthly interest payment due on December 1, 2022, with the payment coming some seven days late.

37. 423 Kennedy failed to make the monthly interest payment due on January 1, 2023, with the payment having never been made.

38. 423 Kennedy failed to make the monthly interest payment due on February 1, 2023, with the payment having never been made.

39. 423 Kennedy failed to make the monthly interest payment due on March 1, 2023, with the payment having never been made.

40. Pursuant to the Second 423 Kennedy Note, 423 Kennedy was required to pay the Second 423 Kennedy Note, in full, not later than March 31, 2023.

41. The Second 423 Kennedy Note was not paid at maturity and remains unpaid.

42. Pursuant to the 423 Kennedy Deeds of Trust, 423 Kennedy was to pay all obligations to third parties as they came due and ensure the 423 Kennedy Property remain free of municipal liens.

43. On November 17, 2022, 423 Kennedy allowed a senior lien in favor of the District of Columbia Department of Buildings to accrue on the 423 Kennedy Property.

44. In total, 423 Kennedy defaulted under the Second 423 Kennedy Note and the 423 Deeds of Trust some nine times, with four defaults coming in the form of late interest payments, three defaults coming in the form of interest payments being missed altogether, one default coming in the form of a failure to pay the debt at maturity, and one default coming in the form of allowing a municipal lien to erode that of the lender's from above.

**General Allegations: Defendants' Allegations and
Impact on the Debtor's Estate and Reorganization**

45. After defaulting under both the Second 423 Kennedy Note and the Second DRL Note multiple times, both Defendants elected to make a series of allegations aimed at eliminating—or at least minimizing—their respective monetary obligations to the noteholders, endeavoring to stave off a foreclosure of the assets securing these promissory notes.

46. The crux of the Defendants' allegations is as follows:

   a. The noteholders ceased voluntarily forbearing from exercising collection rights under the respective loan documents after Daniel Huertas ("Mr. Huertas"), the principal of WCP, had a disagreement with Mel Negussie ("Mr. Negussie"), the principal of both Defendants;

   b. The noteholders were unjustified in electing to enforce the plain terms of the loan documents based on the disagreement with Mr. Negussie and, instead, were legally bound to forbear from so doing for an ill-defined period of time;

   c. By enforcing the plain terms of the loan documents—including the terms governing default interest—the noteholders made a refinancing the subject debt unfeasible in nature;

   d. Mr. Drazin, as trustee under the deeds of trust securing the Second DRL Note and the Second 423 Kennedy Note, had an independent obligation to investigate the merits of the alleged defaults and to conduct a fact-finding inquiry before scheduling foreclosure sales;

   e. Mr. Drazin, as an attorney who represents WCP, is forbade from serving as trustee under any deeds of trust securing debts owed to WCP; and

   f. When the Second DRL Note and the Second 423 Kennedy Note were conveyed to JPK, such constituted a fraudulent conveyance on account of being a series of actions meant to hinder, delay or defraud creditors of WCP and/or SNL.

  47. By making these allegations, the Defendants have cast a cloud over the enforceability and marketability of the Second DRL Note and the Second 423 Kennedy Note.

  48. In light of these allegations, there is a suggestion that the Debtor's two largest assets are, in fact, the byproduct of an avoidable fraudulent conveyance (or, as it is, two avoidable fraudulent conveyances) and may be accordingly removed from the Debtor's bankruptcy estate.

  49. In light of these allegations, Mr. Drazin—as the trustee under the deeds of trust securing the promissory notes held by the Debtor in this bankruptcy case—cannot proceed to exercise his obligations thereunder without inviting undue legal risk.

  50. In light of these allegations, the Debtor cannot market the Second DRL Note or the Second 423 Kennedy Note to a potential buyer of distressed paper, as part of JPK's efforts to reorganize, without suffering the deleterious impact of a discount that will be assigned to negotiable paper subsumed in the Defendants' allegations.

  51. In light of these allegations, a purchaser of the DRL Property and/or the 423 Kennedy Property, at a foreclosure auction, would be less likely to pay a market-appropriate sum

for the assets, instead being compelled to discount any acquisition cost in accord with the likelihood of litigation ensuing.

### Count I – Turnover (11 U.S.C. § 542(b))
### JPK v. DRL

52. JPK incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

53. As of May 13, 2025, DRL is lawfully indebted to JPK, in the sum of $911,426.88, pursuant to the Second DRL Note, with interest accruing thereunder.

54. The Second DRL Note is matured.

55. DRL is thusly legally bound to pay to JPK, as debtor-in-possession, the sum of $911,426.88, plus hereafter accrued interest and hereafter incurred legal fees and expenses of collection, except to the extent of any setoff.

WHEREFORE, JPK respectfully prays this Honorable Court (i) enter judgment in favor of JPK, and against DRL, in the sum of $911,426.88, together with all pre-judgment interest and legal fees; and (ii) afford such other and further relief as may be just and proper.

### Count II – Turnover (11 U.S.C. § 542(b))
### JPK v. 423 Kennedy

56. JPK incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

57. As of May 13, 2025, 423 Kennedy is lawfully indebted to JPK, in the sum of $2,169,087.98, pursuant to the Second 423 Kennedy Note, with interest accruing thereunder.

58. The Second 423 Kennedy Note is matured.

59. 423 Kennedy is thusly legally bound to pay to JPK, as debtor-in-possession, the sum of $2,169,087.98, plus hereafter accrued interest and hereafter incurred legal fees and expenses of collection, except to the extent of any setoff.

WHEREFORE, JPK respectfully prays this Honorable Court (i) enter judgment in favor of JPK, and against 423 Kennedy, in the sum of $2,169,087.98, together with all pre-judgment interest and legal fees; and (ii) afford such other and further relief as may be just and proper.

**Count III – Declaratory Relief as to Trustee's Duties (28 U.S.C. § 2201)**
**JPK and Mr. Drazin v. 423 Kennedy and DRL**

60. JPK and Mr. Drazin incorporate, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

61. Mr. Drazin is the trustee under the deeds of trust securing the Second DRL Note and the Second 423 Kennedy Note.

62. JPK has been assigned all rights under the Second DRL Note and the Second 423 Kennedy Note, including all rights under the correlative deeds of trust.

63. There exists an actual controversy between and amongst (i) JPK and Mr. Drazin, on the one hand; and (ii) DRL and 423 Kennedy, on the other hand, insofar as (a) JPK and Mr. Drazin maintain that, under District of Columbia law, a trustee serving under a deed of trust is only obligated to follow the terms of the subject deed of trust and the statutory laws of the District of Columbia, while (b) DRL and 423 Kennedy maintain that such a trustee must, instead, conduct an independent investigation into the veracity of any alleged breach of loan documents and undertake a correlative fact-finding inquiry before proceeding to conduct a foreclosure auction.

64. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the administration of JPK's bankruptcy estate, since JPK wishes to explore a foreclosure of the DRL Property and the 423 Kennedy Property as part of a plan of reorganization.

65. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the administration of JPK's bankruptcy estate, since Mr. Drazin will not conduct a foreclosure auction to collect upon the Second DRL Note and the Second 423 Kennedy Note for so long as doing so would expose him to undue risk of litigation.

WHEREFORE, JPK and Mr. Drazin respectfully pray this Honorable Court (i) declare a trustee serving under a deed of trust, in the District of Columbia, has only those obligations established in the trust instrument itself and arising under District of Columbia statutory law; and (ii) afford such other and further relief as may be just and proper.

**Count IV – Declaratory Relief as to Trustee's Service (28 U.S.C. § 2201)**
**JPK and Mr. Drazin v. 423 Kennedy and DRL**

66. JPK and Mr. Drazin incorporate, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

67. Mr. Drazin is the trustee under the deeds of trust securing the Second DRL Note and the Second 423 Kennedy Note.

68. JPK has been assigned all rights under the Second DRL Note and the Second 423 Kennedy Note, including all rights under the correlative deeds of trust.

69. There exists an actual controversy between and amongst (i) JPK and Mr. Drazin, on the one hand; and (ii) DRL and 423 Kennedy, on the other hand, insofar as (a) JPK and Mr. Drazin maintain that, under District of Columbia law, an attorney representing a noteholder may simultaneously serve as trustee under a deed of trust securing the subject note, with such being common practice and a vital efficiency of the local negotiable paper industry, while (b) DRL and 423 Kennedy maintain that an attorney representing a noteholder is forbade from also serving as a trustee under a deed of trust securing any debt owed to the noteholder.

11

70. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the administration of JPK's bankruptcy estate, since JPK wishes to explore a foreclosure of the DRL Property and the 423 Kennedy Property as part of a plan of reorganization.

71. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the administration of JPK's bankruptcy estate, since Mr. Drazin will not conduct a foreclosure auction to collect upon the Second DRL Note and the Second 423 Kennedy Note for so long as doing so would expose him to undue risk of litigation.

WHEREFORE, JPK and Mr. Drazin respectfully pray this Honorable Court (i) declare an attorney representing a noteholder, in the District of Columbia, may serve as trustee under a deed of trust securing the subject promissory note; and (ii) afford such other and further relief as may be just and proper.

### Count V – Declaratory Relief as to Foreclosure (28 U.S.C. § 2201)
### JPK v. 423 Kennedy and DRL

72. JPK incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

73. Pursuant to the plain terms of the Second DRL Note and the Second 423 Kennedy Note, each Defendant was to make monthly payments, in a timely fashion, to the noteholder.

74. Pursuant to the plain terms of the Second DRL Note and the Second 423 Kennedy Note, each Defendant was to pay the correlative note, in full, at maturity.

75. Pursuant to the plain terms of the DRL Deeds of Trust and the 423 Kennedy Deeds of Trust, the Defendants were required to pay all taxes and obligations in a timely manner, so as to ensure no statutory liens accrue upon the collateral securing the correlative promissory notes.

76. DRL and 423 Kennedy habitually violated these obligations under the promissory notes and deeds of trust.

77. None of the at-issue promissory notes or deeds of trust require the sending of any default notice.

78. None of the at-issue promissory notes or deeds of trust afford any opportunity to cure.

79. Even if there existed an opportunity to cure, numerous monetary breaches remain extant as of the filing of this Complaint.

80. The deeds of trust provide that, upon the occurrence of a default, the respective Defendants' properties may be sold at foreclosure auction "upon the instruction of the Beneficiary," by the trustee serving thereunder.

81. There exists an actual controversy between and amongst JPK and the Defendants, insofar as (i) JPK maintains these habitual breaches of the Second DRL Note, the Second 423 Kennedy Note, and the correlative deeds of trust, to give rise to foreclosure of the assets securing those deeds of trust, whereas (ii) the Defendants maintain the terms of the loan documents are not enforceable and commercial instruments should be governed by a standard akin to that governing consumer loan documents.

82. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the administration of JPK's bankruptcy estate, since JPK needs to know if it may foreclose upon the DRL Property and/or the 423 Kennedy Property as part of an effort to retire the Second DRL Note and/or the Second 423 Kennedy Note and to thereby make funds available for distribution to creditors.

83. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the determination of the validity and extent of the liens created by the deeds of trust securing the promissory notes.

84. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the ability of JPK to liquidate the Second DRL Note and the Second 423 Kennedy note, both of which are assets of JPK's bankruptcy estate.

WHEREFORE, JPK respectfully prays this Honorable Court (i) declare DRL to be in breach of the Second DRL Note; (ii) declare 423 Kennedy to be in breach of the Second 423 Kennedy Note; (iii) declare DRL to be in breach of the DRL Deeds of Trust; (iv) declare 423 Kennedy to be in breach of the 423 Kennedy Deeds of Trust; (v) declare JPK to be entitled to direct the trustee, under the DRL Deeds of Trust and the 423 Kennedy Deeds of Trust, to foreclose upon the DRL Property and the 423 Kennedy Property; and (vi) afford such other and further relief as may be just and proper.

**Count VI – Declaratory Relief as to Defaults (28 U.S.C. § 2201)**
**JPK v. 423 Kennedy and DRL**

85. JPK incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

86. Pursuant to the Second DRL Note and the Second 423 Kennedy Note, time is of the essence with regard to all obligations thereunder.

87. The former holder of the Second DRL Note and the Second 423 Kennedy Note forbore from exercising various rights and remedies thereunder, following the initial breaches by the Defendants, until such a time as the former holder was no longer inclined to gratuitously forebear.

88. There exists an actual controversy between and amongst JPK and the Defendants, insofar as (i) JPK maintains there is no duty to gratuitously forebear from exercising remedies under debt instruments and such forbearance, if briefly exercised, cannot constitute a waiver in connection with debt instruments for which time is of the essence; while (ii) the Defendants

14

maintain a lender is legally bound to gratuitously forbear from exercising remedies under debt instruments until such a time as a borrower is able to refinance the debt obligations at pre-default interest rates.

89. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon computation of any setoffs that may impact the debt owed by the Defendants to JPK and the Defendants' legal obligation, under Section 542 of Title 11 of the United States Code, to pay that debt to the Debtor's bankruptcy estate.

90. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the allowance or disallowance of claims against JPK's bankruptcy estate.

91. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the validity, *vel non*, of a counterclaim the Defendants assert against JPK's estate.

92. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the sum for which JPK's bankruptcy estate may liquidate the Second DRL Note and the Second 423 Kennedy Note.

WHEREFORE, JPK respectfully prays this Honorable Court (i) declare the holder of the Second DRL Note to have no obligation to forbear from collecting thereunder upon the occurrence of a default by DRL; (ii) declare the holder of the Second 423 Kennedy Note to have no obligation to forbear from collecting thereunder upon the occurrence of a default by 423 Kennedy; (iii) declare DRL to be in breach of the Second DRL Note; (iv) declare 423 Kennedy to be in breach of the Second 423 Kennedy Note; (v) declare there to be no setoff against the debt owed on the Second DRL Note; (vi) declare there to be no setoff against the debt owed on the Second 423 Kennedy Note; and (vii) afford such other and further relief as may be just and proper.

**Count VII – Declaratory Relief as to Fraudulent Conveyance (28 U.S.C. § 2201)**
**JPK, WCP and SNL v. 423 Kennedy and DRL**

93. JPK incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

94. The Defendants have alleged JPK obtained the Second DRL Note and the Second 423 Kennedy Note through a fraudulent transfer that may be avoided under District of Columbia law.

95. Specifically, the Defendants have posited that transferring the debt instruments to JPK, after the Defendants made various allegations against WCP and SNL, constituted an action to hinder or delay the Defendants' pursuit of tort claims.

96. Specifically, the Defendants have posited that JPK was insolvent when it received the promissory notes.

97. There exists an actual controversy between and amongst (i) JPK, WCP and SNL, on the one hand, and (ii) the Defendants, on the other hand, insofar as (a) JPK, WCP and SNL maintain that a note holder is free to transfer a promissory note at any time, whereas (b) the Defendants maintain that if *in rem* claims are asserted against an asset, there exists a *de facto* prohibition on transference of the troubled asset.

98. There exists an actual controversy between and amongst (i) JPK, WCP and SNL, on the one hand, and (ii) the Defendants, on the other hand, insofar as (a) JPK, WCP and SNL maintain District of Columbia law only considers the solvency of the transferor, not the transferee, in assessing whether a transaction amounts to a fraudulent conveyance; whereas (b) the Defendants maintain that transfer of an asset to an insolvent transferee is fraudulent and avoidable under District of Columbia law.

99. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon whether the Second DRL Note and the Second 423 Kennedy Note may be administered as part of the Debtor's estate.

100. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the allowance or disallowance of claims against the Debtor's estate.

101. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon whether the Debtor may be ordered to turn over to WCP and/or SNL assets that are scheduled as property of the Debtor's estate.

102. This controversy is within the jurisdiction of this Honorable Court as this is a proceeding to determine whether or not a fraudulent conveyance has occurred.

WHEREFORE, JPK, WCP and SNL respectfully pray this Honorable Court (i) declare JPK's acquisition of the Second DRL Note to not constitute a fraudulent conveyance under District of Columbia law; (ii) declare JPK's acquisition of the Second 423 Kennedy Note to not constitute a fraudulent conveyance under District of Columbia law; and (iii) afford such other and further relief as may be just and proper.

**Count VII – Declaratory Relief as to Validity of Loan Documents (28 U.S.C. § 2201)**
**JPK and WCP v. 423 Kennedy and DRL**

103. JPK incorporates, by reference, each and every preceding paragraph of this Complaint, as though fully set forth herein.

104. The Defendants have alleged the Second DRL Note, the Second 423 Kennedy Note, the DRL Deeds of Trust, and the 423 Kennedy Deeds of Trust to be unenforceable on the basis that they each contain illicit liquidated damages clauses.

105. JPK does not believe the loan documents contain liquidated damages provisions, much less illegal liquidated damages provisions.

17

106. There exists an actual controversy between and amongst JPK and the Defendants, insofar as (i) JPK maintains the Second DRL Note, the Second 423 Kennedy Note, the DRL Deeds of Trust, and the 423 Kennedy Deeds of Trust to be valid and lawful instruments that may be enforced in accord with their express terms; and (ii) the Defendants maintain the Second DRL Note, the Second 423 Kennedy Note, the DRL Deeds of Trust, and the 423 Kennedy Deeds of Trust to be unenforceable, in part or whole, on the basis that the documents contain unenforceable liquidated damages provisions.

107. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon whether the Second DRL Note, the Second 423 Kennedy Note, the DRL Deeds of Trust, and the 423 Kennedy Deeds of Trust may be administered as part of the Debtor's estate.

108. This controversy is within the jurisdiction of this Honorable Court as such directly bears upon the validity and extent of the liens held by JPK.

WHEREFORE, JPK respectfully prays this Honorable Court (i) declare the Second DRL Note, the Second 423 Kennedy Note, the DRL Deeds of Trust, and the 423 Kennedy Deeds of Trust to be valid and enforceable debt instruments; (ii) declare the Second DRL Note, the Second 423 Kennedy Note, the DRL Deeds of Trust, and the 423 Kennedy Deeds of Trust to not contain unenforceable provisions for liquidated damages; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                                                                               Respectfully submitted,

Dated: May 28, 2025                                     By: /s/ Maurice B. VerStandig
                                                                             Maurice B. VerStandig, Esq.
                                                                             Bar No. MD18071
                                                                             The VerStandig Law Firm, LLC
                                                                             1452 W. Horizon Ridge Pkwy, #665
                                                                             Henderson, Nevada 89012
                                                                             Phone: (301) 444-4600
                                                                             Facsimile: (301) 444-4600
                                                                             mac@mbvesq.com
                                                                             *Proposed Special Counsel for*
                                                                             *JPK NewCo LLC and Counsel*
                                                                             *for all Other Plaintiffs*