**KUTAK ROCK LLP**
**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
*Co-Counsel for Developer RE1, LLC and*
*423 Kennedy St Holdings, LLC*

**GREENSTEIN DELORME & LUCHS, P.C.**
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) |
|  | ) Chapter 11 |
| JPK NEWCO, LLC, | ) |
|  | ) Case No. 25-00200 (ELG) |
| Debtor. | ) |
|  | ) Subchapter V |
|  | ) |
| JPK NEWCO, LLC, *et al.*, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Adv. Proc. No. 25-10015 (ELG) |
|  | ) |
| DEVELOPER RE1, LLC, *et al*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### DEVELOPER RE1, LLC AND 423 KENNEDY ST HOLDINGS, LLC'S
### PARTIAL MOTION TO DISMISS

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy" and

together with RE1, the "Defendants"), by counsel, hereby move the Court, pursuant to Rule 7012

of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal

Rules of Civil Procedure (the "Civil Rule(s)"), to partially dismiss the Complaint.  In support of

the requested relief, the Defendants state as follows:

## Background

1.      RE1 filed its lawsuit against the WCP, the WCP Fund I, Mr. Daniel Huertas, SF NU, LLC ("SF NU")[1], and Mr. Russell Drazin on December 16, 2022 in the case known as *Developer RE1, LLC v. the WCP Fund I, LLC, et al.*, 2022-CAB-005935 (D.C. Super Ct.).

2.      RE1's claims included: tortious interference with business relations (Count I); breach of the duty of good faith and fair dealing (Count II); for declaratory judgment (Count III); injunctive relief to stop the foreclosure (Count IV); breach of fiduciary duty (Count V); and declaratory judgment (Mr. Drazin cannot serve as Trustee and the foreclosure notice is invalid) (Count VI).

3.      423 Kennedy filed its lawsuit on July 12, 2023 against the WCP, the WCP Fund I, Mr. Huertas, and Mr. Drazin in the case known as *423 Kennedy St Holdings, LLC. v. the WCP Fund, et al.*, Case No. 2023-CAB-004260 (D.C. Super. Ct.).[2]  (hereinafter, the "Consolidated Superior Court Cases").

4.      423 Kennedy's claims included: breach of contract (Count I); tortious interference with business relations (Count II); breach of the duty of good faith and fair dealing (Count III); breach of fiduciary duty by the Trustee (Count IV); for declaratory judgment and injunctive relief to stop the foreclosure (Count V); declaratory judgment (that Mr. Drazin cannot serve as Trustee and the foreclosure notice is invalid) (Count VI), and that the loan documents contain unenforceable liquidated damages provisions that constitute a penalty (Count VII).

---

[1]      RE1 added SF NU as a defendant in the Second Amended Complaint filed March 7, 2024.

[2]      *423 Kennedy St Holdings, LLC v. The WCP Fund, et al.*, Case No. 2023-CAB-004260 (D.C. Super. Ct.) and *Developer RE1, LLC v. the WCP Fund I, LLC, et al.*, 2022-CAB-005935 (D.C. Super Ct.) are hereinafter referred to as the "Consolidated Superior Court Cases".

5.      The instant Complaint was filed by the Debtor and WCP Fund I LLC ("WCP Fund"), SF NU, LLC ("SFNU"), and Russell Drazin ("Mr. Drazin") (collectively, "Plaintiffs") on or about May 28, 2025.

6.      The following causes of action are alleged against RE1 and 423 Kennedy:  Count I – Turnover (JPK v. RE1); Count II – Turnover (JPK v. 423 Kennedy); Count III – Declaratory Relief as to Trustee's Duties (JPK and Mr. Drazin v. 423 Kennedy and RE1); Count IV – Declaratory Relief as to Trustee's Service (JPK and Mr. Drazin v. 423 Kennedy and DE1); Count V – Declaratory Relief as to Foreclosure (JPK v. 423 Kennedy and RE1); Count VI – Declaratory Relief as to Defaults (JPK v. 423 Kennedy and RE1); Count VII - Declaratory Relief as to Fraudulent Conveyance (JPK, WCP and SFNU v. 423 Kennedy and RE1); Count VIII[3]-Declaratory Relief as to Validity of Loan Documents (JPK and WCP v. 423 Kennedy and RE1).

## Legal Standard

7.      Dismissal under Civil Rule 12(b)(6) is "appropriate when a complaint fails to state a claim upon which relief can be granted." *See Strumsky v. Wash. Post. Co.*, 842 F. Supp. 2d 215, 217 (D.D.C. 2012) (quoting Fed. R. Civ. P. 12(b)(6)). "[A] complaint must contain sufficient factual allegations that, if accepted as true, state a claim for relief that is plausible on its fact." *United States ex rel. Scott v. Pac. Architects & Eng'rs (PAE), Inc.*, 270 F. Supp. 3d 146, 152 (D.D.C. 2017) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

---

[3]      The Complaint lists "Count VII" twice by mistake.

8161\0002\4914-6309-5655.v3

## Legal Argument

**A.**     **Counts III, IV, and VII of the Complaint Are Compulsory Counterclaims that Plaintiffs WCP Fund and Mr. Drazin Are Now Barred From Asserting**

8.     The WCP Fund and Mr. Drazin have been defendants in the Consolidated Superior Court Cases for more than two years.  The claims that they assert in Counts III, IV, and VII all arise out of the same transactions and occurrences that were the subject of previous claims filed against them while the cases were before the Superior Court.  Pursuant to D.C. Super. Ct. Rule 13, a pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:  (i) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (ii) does not require adding another party over whom the court cannot acquire jurisdiction.  *See* D.C. Super. Ct. Civ. R. 13(a).  A compulsory counterclaim must be filed at the time of the filing of the appropriate responsive pleading, such as an answer, or it is lost forever.  *Bell v. First Investors Servicing Corp.,* 256 A.3d 246, 254 n.6 (D.C. 2021); *see also Lloyd v. Ingenuity Prep Pub. Charter Sch.*, Civil Action No. 18-cv-00801 (TNM-GMH), at *21 (D.D.C. Jan. 7, 2019); *see also Nat'l Hous. P'ship v. Mun. Capital Appreciation Partners 1, L.P.*, 935 A.2d 300, 321 n.62 (D.C. 2007) (a compulsory counterclaim is one that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction; *see also* Fed. R. Civ .Proc 13(a) (same)).

9.     The claims asserted in Counts III, IV, and VII by the WCP Fund and Mr. Drazin plainly arise out of the same transactions or occurrences (and claims) that were asserted against them more than two years ago in the Consolidated Superior Court Cases.  The WCP Fund's and Mr. Drazin's claims in Counts III, IV, and VII are claims that had to have been previously asserted as compulsory counterclaims in the Consolidated Superior Court Cases twenty-one (21) days after

4

the complaint was filed by 423 Kennedy (in 2023-CAB-04260) and fourteen (14) days after Judge

Ebony Scott denied the Motion to Dismiss the complaint in the Developer RE1 case (2022-CAB-

005935).  The WCP Fund and Mr. Drazin are trying to stealthily assert claims in this case that they

were required to assert more than two years ago.  Because the claims asserted in Counts III, IV,

and VII are untimely compulsory counterclaims disguised as new claims in this case, those counts

should be dismissed on that basis.

**B.**    **Declaratory Relief Under 28 U.S.C. Section 2201(a) is Not Appropriate**

10.    Counts III-VIII should be dismissed because those causes of action are not

independent claims but rather are subsumed by the other pending causes of actions and related

defenses.  Accordingly, the Plaintiffs inappropriately seek declarative relief pursuant to the

Declaratory Judgment Act (the "Act").  *See* 28 U.S.C. § 2201.  The Act provides that the Court

*may* declare the rights and other legal relations of parties seeking such declarations.  *See Swish

Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 76 (D.D.C. 2009) (italic emphasis added).  Moreover, the

Act gives the Court discretion to determine whether and when to declare the rights of litigants.  *Id.*

"The ultimate purpose of the Act is to allow the uncertain party to gain relief from the insecurity

caused by a potential suit waiting in the wings."  *Butler v. Enter. Integration Corp.*, 459 F. Supp.

3d 78, 108 (D.D.C. 2020) (quoting *Glenn v. Fay*, 222 F. Supp. 3d 31, 36 (D.D.C. 2016)).  A claim

for declaratory relief under the Act is also not an independent cause of action.  *See Metz v. Bae

Sys. Tech. Sols. & Servs.*, 413 U.S. App. D.C. 275, 282 n.8, 774 F.3d 18, 25 (2014) ("Metz

suggested that he brought his suit in federal district court because it contained a federal cause of

action, namely a claim for relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

The Declaratory Judgment Act, however, does not 'provide a cause of action.'").

11.    Where declaratory relief would "cause a case to be tried piecemeal, or that only

particular issues will be resolved without settling the entire controversy," a court should not

5

exercise its discretion in favor of granting it. *Gibson v. Liberty Mut. Grp., Inc.*, 778 F. Supp. 2d 75, 78 (D.D.C. 2011) (quoting *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 79 (E.D.Va. 1991)). In conducting this analysis, the United States District Court for the District of Columbia generally relies upon two criteria: (1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue and (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Butler*, 459 F. Supp. 3d at 108 (quoting *Glenn v. Fay*, 222 F. Supp. 3d 31, 36 (D.D.C. 2016)); *Gibson.*, 778 F. Supp. 2d at 78 (quoting *National R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F.Supp. 424, 431 (D.D.C. 1987)).

12. The Fourth Circuit likewise relies on these two factors when determining whether to entertain a declaratory judgment claim. *See also Great Am. Ins. Co. v. GRM Mgmt., LLC*, Civil Action No. 3:14CV295, at *29 (E.D. Va. Nov. 24, 2014) (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004)) (In determining whether to exercise declaratory jurisdiction, this Court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."); *Metra Indus. v. Rivanna Water & Sewer Auth.*, Civil Action No. 3:12CV00049, at *4-5 (W.D. Va. Feb. 19, 2014) (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004) ("In determining whether to exercise declaratory jurisdiction, the court must consider whether declaratory relief would 'serve a useful purpose in clarifying and settling the legal relations in issue,' and whether the judgment would 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'")).

13.     With respect to the first factor, courts recognize that when a declaratory judgment claim seeks to adjudicate an already existing breach of contract claim, the declaratory judgment serves no useful purpose.  *See Metra Indus.,* Civil Action No. 3:12CV00049, at *5.  A court must dismiss a claim for declaratory judgment if it, in effect, seeks adjudication on the merits of a breach of contract claim.  *See Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co*., No. 11-21163-CIV,, at *5 (S.D. Fla. Apr. 24, 2012) (citing *Casualty Indem. Exch. v. High Croft Enters., Inc*., 714 F. Supp. 1190, 1193 (S.D. Fla. 1989) ("the declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse")).

14.     Here, the Plaintiffs are improperly trying to seek the adjudication of a breach of contract claim – and multiple other claims -- via requests for declaratory judgment.  Moreover, the requests for declaratory relief serve no useful purpose and will not clarify the legal rights or obligations of the parties.  There is no dispute over the existence of loans documents or the nature of the relationships between the parties.  Rather, the Plaintiffs are attempting to disguise factual contentions as requests for declaratory relief.  *See Gibson*, 778 F. Supp. 2d at 79 ("While Plaintiffs may dress up their factual contentions in different legal raiment, it does not change the underlying nature of the claim.  There is no dispute over the existence of the policy or the nature of the parties' legal relationships. The questions raised by all counts are purely factual ones regarding proper compliance with the policy, the method used to calculate the losses, and the ultimate value of the losses.").

15.     These allegations, even if accepted as true, fail to state a claim for declaratory relief under 28 U.S.C. § 2201.  Notably, the Plaintiffs admit in the Complaint that there is existing

litigation between the parties. *See* Compl. Paras. 3-4.[4]  The Plaintiffs seek nothing more than a judicial declaration of general legal duties under the guise that JPK wishes to "explore" foreclosure of the properties the Defendants own as part of a plan for reorganization.  The mere possibility that JPK wishes to "explore" foreclosure does not warrant declaratory relief.  Declaratory judgment cannot be used as a vehicle to secure advance rulings and circumvent due process, which is precisely what the Plaintiffs are attempting to do.[5]

16.     The issues contained in Claims III-VII are not appropriate for declaratory relief and should be determined by the finder of fact.  *See Gibson*, 778 F. Supp. 2d at 79.  The issues outlined in Claims III-VII will be appropriately resolved through litigation over the Defendants' claims (in AP-25-010037).  The claims that have been the subject of ongoing litigation two years before the Complaint here was filed include claims for breach of contract (the same loan documents), tortious interference with business relations, breach of the duty of good faith and fair dealing, breach of fiduciary duty by the Trustee, and to set aside fraudulent conveyances.  Under the first factor, it is clear that the declaratory relief sought in Claims III-VII is not appropriate.

17.     As to the second factor, the Plaintiffs must demonstrate that a declaratory judgment is necessary to afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  A declaratory judgment is only appropriate when it would serve a useful purpose in clarifying and settling the legal relations in issue to guide the parties in the future.  *See Metra Indus,* Civil Action No. 3:12CV00049, at *8.

18.     In *Metra Industries*, the plaintiff/counter-defendant filed an action asserting claims for various breaches of contract after the defendant claimed the contracts were terminated due to

---

[4]      Defendants do not admit/agree to Plaintiffs' characterization of the existing litigation.

[5]      The remedy of foreclosure is also not available as there are two existing injunctions prohibiting any foreclosure.

plaintiff's defaults. *Metra Indusustries,* Civil Action No. 3:12CV00049, at *2. The plaintiff in *Metra Industries* disagreed with defendant's grounds for terminating the contracts and alleged that the defendant improperly terminated the contracts for defaults when no ground for termination existed. *Id.* Plaintiff in *Metra Indusustries* also included a claim for declaratory judgment. *Id.* The defendant in *Metra Industries* filed a motion to dismiss plaintiff's claim for declaratory judgment for failure to state a claim. *Id.* at 3. In analyzing the second factor of Section 2201(a), the *Metra Industries* court noted that a declaration that the defendant's conduct was improper would involve an adjudication of "past conduct" which does not satisfy the requirements of a declaratory judgment action. *Id.* at *7-8 (W.D. Va. Feb. 19, 2014) (citing *Tapia v. United States Bank, N.A.*, 718 F. Supp. 2d 689, 696 (E.D. Va. 2010) (explaining that declaratory judgments "are designed to declare rights so that parties can conform their conduct to avoid future litigation, and are untimely if the questionable conduct has already occurred or damages have already accrued") and *Merino v. EMC Mortg. Corp.*, No. 1:09-cv-1121, 2010 U.S. Dist. LEXIS 26539, at *14 (E.D. Va. Mar. 19, 2010) (noting that "a declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future.")).

19.    Here the Plaintiffs are also entirely seeking declaratory judgment on issues concerning the past conduct of the parties. *See Metra Indus.*, Civil Action No. 3:12CV00049, at *8. There is little indication that the requested relief will assist the parties' future conduct. Rather, the Plaintiffs, in essence, are asking the Court to adjudicate the parties' previous conduct and ignore the TROs entered in the Consolidated Superior Court Cases. Put simply, the declaratory relief requested effectively asks this Court to vacate the TROs and to adjudicate past conduct in lieu of making a finding on the merits in order to circumvent both prior findings of the Superior Court and the Defendants' due process rights.

20.    Additionally, it cannot be disputed that Defendants had already initiated litigation involving the same issues for which declaratory relief is now being sought by Plaintiffs -- years later in a different forum.  The claims in the Complaint for declaratory relief are not appropriate given the existing claims that have already been filed against the Plaintiffs.  *See Gotham Ins. Co. v. Plant Maintenance Serv. Co.*, 1994 U.S. Dist. LEXIS 18312, No. 94 Civ. 1461 (WK), 1994 WL 714302, at *3 (S.D.N.Y. Dec. 22, 1994) (citation omitted) (finding declaratory judgment inappropriate where a party has already invoked its right to a coercive remedy).  The issues regarding whether the Defendants have liability under the loan documents, among all the other issues for which declaratory relief is sought, will be resolved in existing litigation.  Nearly all of the allegations in the Complaint here also include disputed factual issues that should be resolved by a trier of fact.  As to the second factor, the declaratory relief sought in Claims III-VIII serves no purpose.

21.    In addition to the two foregoing factors, some courts examine the "litigation as a whole" when assessing the dismissal of a claim for declaratory judgment.  *See CAMOFI Master LDC v. Coll. P'ship*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (citing *N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters Local* 747, 2005 U.S. Dist. LEXIS 4385, No. 04 Civ. 9949 (KMK), 2005 WL 646350, at *17 (S.D.N.Y. Mar. 21, 2005) ("[C]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.")).

22.    In analyzing the "litigation as a whole" here, it is evident that Plaintiffs WCP Fund and Mr. Drazin intentionally chose not to file compulsory counterclaims in the Consolidated Superior Court Cases in order to forum shop and assert those claims in their preferred forum. Moreover, the principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest

but unfortunate debtor." *Grogan v. Garner*, 498 U. S. 279, 286, 287 (1991).  Here, JPK is not

seeking a fresh start, and it is well-established that courts should discourage forum-shopping so

that the substantive rights of the litigants are not impacted by the location of the litigation.  *See*

*Butner v. United States*, 440 U.S. 48, 55 (1979).  JPK is not a legitimate debtor with a business

that needs a fresh start -- it is an alter ego of the WCP Parties. The sole purpose of the Adversary

Proceeding is to force the Defendants to relitigate the Consolidated Superior Court Cases in a

separate forum that the is deemed more friendly.  These facts also weigh in favor of dismissing all

of the claims for declaratory relief.

**C.**    **Conclusion**

Counts III-VIII of the Complaint should be dismissed under Civil Rule 12(b)(6).  The

Defendants respectfully request that this Court (i) enter an Order dismissing Counts III-VIII of the

Complaint for failure to state a claim upon which relief can be granted; and (ii) granting such

further relief as may be deemed just.

STATEMENT OF NO CONSENT<br>
TO THE ENTRY OF FINAL ORDERS AND/OR JUDGMENTS

1.    The claims in this adversary proceeding involve purely state law claims.

2.    A bankruptcy judge may resolve non-core proceedings only if the parties

consent. *See* 28 U.S.C. § 157(c)(1)-(2).

3.    Pursuant to LBR 7012-1 and Fed. R. Bankr. P. 7012(b), the Defendants state that

they do not consent to the entry of finals orders and/or judgments by this Court.

*[Remainder of page intentionally left blank]*

11

Dated:  September 10, 2025

**DEVELOPER RE1, LLC AND 423
KENNEDY ST HOLDINGS, LLC,**

/s/ Alexandria J. Smith
Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia  23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: jeremy.williams@kutakrock.com

and

James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

*Co-Counsel for Developer RE1, LLC and
423 Kennedy St Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2025, a true copy of the foregoing was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ Alexandria J. Smith
Alexandria J. Smith

8161\0002\4914-6309-5655.v3