**KUTAK ROCK LLP**  
Jeremy S. Williams (DC 994825)  
1021 East Cary Street, Suite 810  
Richmond, Virginia 23219  
Telephone: (804) 644-1700  
Facsimile: (804) 783-6192  
*Co-Counsel for Developer RE1, LLC and*  
*423 Kennedy St Holdings, LLC*

**GREENSTEIN DELORME & LUCHS, P.C.**  
James D. Sadowski (DC 446635)  
Alexandria J. Smith (DC 1781067)  
801 17th Street, N.W., Suite 1000  
Washington, D.C. 20006  
Phone: (202) 452-1400  
Fax: (202) 452-1410

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: | Chapter 11 |
| JPK NEWCO, LLC, | Case No. 25-00200 (ELG) |
| Debtor. | Subchapter V |
| JPK NEWCO, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-10015 (ELG) |
| DEVELOPER RE1, LLC, *et al*, | |
| Defendants. | |

## ANSWER

Defendants Developer RE1, LLC ("RE1" or "DRL") and 423 Kennedy St Holdings, LLC ("423 Kennedy" or "423"), by counsel, hereby files its Answer to Counts I and II of the Complaint filed by JPK NewCo LLC ("JPK" or the "Debtor", WCP Fund I LLC ("WCP"); SF NU, LLC ("SNL"); and Russell Drazin ("Mr. Drazin") (collectively, the "Plaintiffs" and each a "Plaintiff"). The Defendants respond to the allegations of the Complaint as follows:

## Introduction[1]

1. Defendants admit only that a voluntary petition was filed and deny all other allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

4. Defendants admit only that they have asserted fraudulent conveyance claims. The allegations of the Defendants speak for themselves and not as characterized by the Plaintiffs.

5. Defendants deny the allegations in paragraph 5. By way of further response, the Defendants note that the underlying bankruptcy case is a bad faith, sham bankruptcy filing, by a sham company created for improper purposes.

6. Defendants deny the allegations in paragraph 6. By way of further response, the Defendants note that the underlying bankruptcy case is a bad faith, sham bankruptcy filing, by a sham company created for improper purposes.

7. Defendants admit only that the other Plaintiffs are either natural persons or a limited liability company.

## Parties

8. Defendants deny that JPK is a legitimate debtor in a legitimate bankruptcy case.

9. Admitted.

10. Admitted.

11. Defendants admit only that Mr. Drazin is a natural person and deny all other allegations in paragraph 11.

12. Admitted.

---

[1] The Defendants have included the Plaintiffs' headings for convenience only and not as an admission as to the validity of any of the terms that are used, such as use of the word "defaults".

13. Admitted.

## Jurisdiction and Venue

14. Paragraph 14 states legal conclusions regarding jurisdiction for which no response is required.

15. Paragraph 15 states legal conclusions regarding venue for which no response is required.

## General Allegations: Loans

16. In response to the allegations of paragraph 16, Defendants state that the terms of any promissory notes speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced promissory notes.

17. In response to the allegations of paragraph 17, Defendants state that the terms of any deeds of trust speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the deeds of trust.

18. In response to the allegations of paragraph 18, Defendants state that the terms of any promissory notes speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced promissory notes.

19. In response to the allegations of paragraph 19, Defendants state that the terms of any deeds of trust speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the deeds of trust.

20. In response to the allegations of paragraph 20, Defendants state that the terms of any assignment speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced assignment.

8161\0002\4905-9424-5992.v1

21. In response to the allegations of paragraph 21, Defendants state that the terms of any assignment speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced assignment.

### General Allegations:  DRL Defaults

22. In response to the allegations of paragraph 22, Defendants state that the terms of any promissory notes speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced promissory notes.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. In response to the allegations of paragraph 28, Defendants state that the terms of any deeds of trust speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the deeds of trust.

29. Denied.

30. Denied.

31. Denied.

### General Allegations:  423 Defaults

32. In response to the allegations of paragraph 32, Defendants state that the terms of any promissory notes speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced promissory notes.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. In response to the allegations of paragraph 40, Defendants state that the terms of any promissory notes speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the referenced promissory notes.

41. Denied.

42. In response to the allegations of paragraph 42, Defendants state that the terms of any deeds of trust speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations that are not consistent with the terms of the deeds of trust.

43. Denied.

44. Denied.

### General Allegations:  Defendants' Allegations and Impact on the Debtor's Estate and Reorganization

45. Denied.

46. The referenced allegations speak for themselves and not as characterized by the Plaintiffs. Defendants deny any allegations in paragraph 46 that are not consistent with the actual allegations made by the Defendants.

    a. Defendants incorporate their response to paragraph 46.

    b. Defendants incorporate their response to paragraph 46.

    c. Defendants incorporate their response to paragraph 46.

    d. Defendants incorporate their response to paragraph 46.

8161\0002\4905-9424-5992.v1

      e.    Defendants incorporate their response to paragraph 46.

      f.    Defendants incorporate their response to paragraph 46.

47.    Denied.

48.    Defendants incorporate their response to paragraph 46.

49.    Denied.

50.    Denied.

51.    Denied.  Paragraph 51 also calls for speculation.

### Count I – Turnover (11 U.S.C. § 542(b))
### JPK v. DRL

52.    The Defendants incorporate by reference their responses to paragraphs 1-51 of the Complaint.

53.    Defendants deny the allegations in paragraph 54.

54.    Defendants deny the allegations in paragraph 55.

55.    Defendants deny the allegations in paragraph 56.

### Count II – Turnover (11 U.S.C. § 542(b))
### JPK v. 423 Kennedy

56.    The Defendants incorporate by reference their responses to paragraphs 1-55 of the Complaint.

57.    Defendants deny the allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59.

### Count III – Declaratory Relief as to Trustee's Duties (28 U.S.C. § 2201)
### JPK and Mr. Drazin v. 423 Kennedy and DRL

60.    The Defendants have filed a motion to dismiss this Count, so no response is required at this time.

6

61. The Defendants incorporate their response to paragraph 60.

62. The Defendants incorporate their response to paragraph 60.

63. The Defendants incorporate their response to paragraph 60.

64. The Defendants incorporate their response to paragraph 60.

65. The Defendants incorporate their response to paragraph 60.

**Count IV – Declaratory Relief as to Trustee's Service (28 U.S.C. § 2201)**
**JPK and Mr. Drazin v. 423 Kennedy and DRL**

66. The Defendants incorporate their response to paragraph 60.

67. The Defendants incorporate their response to paragraph 60.

68. The Defendants incorporate their response to paragraph 60.

69. The Defendants incorporate their response to paragraph 60.

70. The Defendants incorporate their response to paragraph 60.

71. The Defendants incorporate their response to paragraph 60.

**Count V – Declaratory Relief as to Foreclosure (28 U.S.C. § 2201)**
**JPK v. 423 Kennedy and DRL**

72. The Defendants incorporate their response to paragraph 60.

73. The Defendants incorporate their response to paragraph 60.

74. The Defendants incorporate their response to paragraph 60.

75. The Defendants incorporate their response to paragraph 60.

76. The Defendants incorporate their response to paragraph 60.

77. The Defendants incorporate their response to paragraph 60.

78. The Defendants incorporate their response to paragraph 60.

79. The Defendants incorporate their response to paragraph 60.

80. The Defendants incorporate their response to paragraph 60.

81. The Defendants incorporate their response to paragraph 60.

82. The Defendants incorporate their response to paragraph 60.

83. The Defendants incorporate their response to paragraph 60.

84. The Defendants incorporate their response to paragraph 60.

**Count VI – Declaratory Relief as to Defaults (28 U.S.C. § 2201)**
**JPK v. 423 Kennedy and DRL**

85. The Defendants incorporate their response to paragraph 60.

86. The Defendants incorporate their response to paragraph 60.

87. The Defendants incorporate their response to paragraph 60.

88. The Defendants incorporate their response to paragraph 60.

89. The Defendants incorporate their response to paragraph 60.

90. The Defendants incorporate their response to paragraph 60.

91. The Defendants incorporate their response to paragraph 60.

92. The Defendants incorporate their response to paragraph 60.

**Count VII – Declaratory Relief as to Fraudulent Conveyance (28 U.S.C. § 2201)**
**JPK, WCP and SNL v. 423 Kennedy and DRL**

93. The Defendants incorporate their response to paragraph 60.

94. The Defendants incorporate their response to paragraph 60.

95. The Defendants incorporate their response to paragraph 60.

96. The Defendants incorporate their response to paragraph 60.

97. The Defendants incorporate their response to paragraph 60.

98. The Defendants incorporate their response to paragraph 60.

99. The Defendants incorporate their response to paragraph 60.

100. The Defendants incorporate their response to paragraph 60.

101. The Defendants incorporate their response to paragraph 60.

102. The Defendants incorporate their response to paragraph 60.

8161\0002\4905-9424-5992.v1

**Count VII [sic – Count VIII"] – Declaratory Relief as to Validity of Loan Documents (28 U.S.C. § 2201)**
**JPK and WCP v. 423 Kennedy and DRL**

103. The Defendants incorporate their response to paragraph 60.

104. The Defendants incorporate their response to paragraph 60.

105. The Defendants incorporate their response to paragraph 60.

106. The Defendants incorporate their response to paragraph 60.

107. The Defendants incorporate their response to paragraph 60.

108. The Defendants incorporate their response to paragraph 60.

109. The Defendants deny all allegations of the Complaint that have not been expressly admitted.

### First Defense

The claims in the Complaint are barred by the doctrine of first breach.

### Second Defense

The claims in the Complaint are barred by the prevention doctrine.

### Third Defense

The claims in the Complaint are barred by the Plaintiffs' failure to comply with the duty of good faith and fair dealing.

### Fourth Defense

The claims in the Complaint are barred, in whole or in part, by the Plaintiffs' unclean hands.

### Fifth Defense

The claims in the Complaint are barred, in whole or in part, because certain provisions of the loan documents are unenforceable.

### Sixth Defense

The claims in the Complaint are barred, in whole or in part, by the doctrine of recoupment.

9

8161\0002\4905-9424-5992.v1

### Seventh Defense

The claims in the Complaint are barred for the reasons stated in the Defendants' Motion to Dismiss.

### Eighth Defense

The claims in the Complaint are barred, in whole or in part, by the doctrine of setoff.

### Ninth Defense

JPK is not a valid company. It is the alter ego of the WCP, the WCP Fund, Daniel Huertas, and/or SFN.

### Tenth Defense

The claims in the Complaint are barred, in whole or in part, by fraud.

Wherefore, having fully answered Counts I and II, Defendants Developer RE1, LLC and 423 Kennedy St Holdings, LLC respectfully requests that this Honorable Court:

A. Enter judgment against JPK on Counts I and II of the Complaint;

B. Dismiss the claims in Counts I and II with prejudice;

C. Award Defendants their costs and attorneys' fees, if allowed by law, incurred in connection with a defense of the Complaint; and

D. Enter such other and further relief as this Court deems just and proper.

### Demand for a Jury Trial

The Defendants demand a trial by jury as to all claims asserted them in the Complaint for which a jury trial is allowed under the law.

| | |
|---|---|
| Dated: September 10, 2025 | **DEVELOPER RE1, LLC AND 423 KENNEDY ST HOLDINGS, LLC,** |

/s/ Alexandria J. Smith
Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: jeremy.williams@kutakrock.com

and

James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

*Co-Counsel for Developer RE1, LLC and 423 Kennedy St Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2025, a true copy of the foregoing was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ Alexandria J. Smith
Alexandria J. Smith

8161\0002\4905-9424-5992.v1